IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs November 23, 2010

## DOUGLAS BORUFF v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-11098     David R. Duggan, Judge**

_____

**No. E2010-00772-CCA-R3-CO - Filed March 10, 2011**

_____

The appellant, Douglas Boruff, appeals the Blount County Circuit Court's denial of his motion to discharge a fine that the trial court imposed as part of his punishment for a prior conviction. Based upon the record and the parties' briefs, the appellant's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES, and JAMES CURWOOD WITT, JR., JJ., joined.

Douglas Boruff, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilbur, Assistant Attorney General; and Michael L. Flynn, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record in this case is sparse. According to the appellant's brief, he was convicted in the Blount County Circuit Court of rape of a child in December 1998. As part of his punishment, a $25,000 fine was imposed. On March 5, 2010, the appellant filed a motion, requesting that the trial court discharge the fine because the statute of limitations for paying it had expired. As authority for his claim, the appellant cited the ten-year statute of limitations contained in Tennessee Code Annotated section 28-3-110. On March 16, 2010, the trial court filed an order denying the motion, stating as follows:

This cause having come before the Court on the 15th day of March, 2010, upon the Motion to Dismiss Fines filed by the defendant, the defendant being [pro se] and the State being represented by the District Attorney General. The court finds that the motion is not well taken and it is overruled.

The appellant filed a timely notice of appeal to this court.

## II. Analysis

The appellant argues that the trial court erred by denying his motion because more than ten years has passed since the trial court imposed his fine. The State argues that this court should dismiss the appeal because the appellant does not have a right to appeal the trial court's denial of his motion to discharge his fine. We agree that the appeal must be dismissed.

Recently, a panel of this court considered this very issue and concluded that Rule 3(b), Tennessee Rules of Appellate Procedure, does not provide for an appeal as of right from the denial of a motion to discharge fines. See Jonathon C. Hood, No. M2009-00661-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 680, at *2 (Nashville, Aug. 18, 2010), perm. to appeal denied, (Tenn. Nov. 15, 2010); see also State v. Jeffrey S. Zarnik, No. M2009-00478-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 991, at *3-4 (Nashville, Nov. 23, 2010) (noting the holding in Hood that Rule 3(b) does not expressly provide for an appeal as of right the denial of a motion to discharge fines but treating an improperly filed appeal as a petition for writ of certiorari in the interests of justice).

Moreover, as noted by the State, we are precluded from considering the issue because the appellant has not provided a sufficient record on appeal. The appellant has failed to include a copy of the judgment of conviction. Without even basic information regarding the appellant's claim, such as the date of his conviction or the amount of the fine imposed, nothing in the record supports his argument that the trial court improperly denied his motion to discharge his fine. In addition, the wording in the trial court's order suggests that the court held a hearing on the motion on March 15, 2010. However, no transcript of the hearing is in the record before us. It is the appellant's duty to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court which forms the basis of his appeal. Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

### III.  Conclusion

Based upon the record and the parties' briefs, the appellant's appeal is dismissed.

_____

NORMA McGEE OGLE, JUDGE